1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8  CHRIS DENNIS PILCH,

9                             Plaintiff,

10       v.

11  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,
12
13                             Defendant.

NO.  C14-94-RSM-JPD

REPORT AND
RECOMMENDATION

14

15              I.       INTRODUCTION AND SUMMARY CONCLUSION

16       This matter comes before the Court on the plaintiff's motion for attorney's fees under

17  the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Dkt. 25, which the

18  Commissioner opposes on the grounds that the Commissioner's decision to defend the denial

19  of benefits on appeal was "substantially justified," Dkt. 26.  Specifically, plaintiff asks the

20  Court for an award of attorney's fees in the amount of $7,809.00.  Dkt. 25 at 1; *id*., Ex. 1 at 3-

21  4.  Based on this Court's review of the plaintiff's motion, the Commissioner's response, the

22  governing law, and the balance of the record, the Court recommends that plaintiff's motion,

23  Dkt. 25, be GRANTED.

24

REPORT AND RECOMMENDATION - 1

## II.     DISCUSSION

A.     Background

This action involved plaintiff's appeal from the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f.  On January 20, 2015, the undersigned issued a Report & Recommendation recommending that this case be reversed and remanded for further administrative proceedings.  Dkt. 19.  The undersigned agreed with the plaintiff's argument that the ALJ erred in rejecting "*all* of the medical and other opinion evidence in the record[, thereby] render[ing] the ALJ's residual functional capacity determination without substantial evidence support."  *Id.* at 10.  The Honorable Ricardo S. Martinez adopted the Report & Recommendation on April 9, 2015.  Dkt. 21.

On July 8, 2015, plaintiff filed the instant motion seeking an order awarding EAJA fees for plaintiff's counsel's representation in this matter.  Dkt. 25.  On July 20, 2015, the Commissioner filed a response opposing the plaintiff's request on the grounds that the Commissioner's position was substantially justified.  Dkt. 26 at 2-7.  Judge Martinez referred the EAJA fees motion to the undersigned, pursuant to 28 U.S.C. § 636(b), Local Rule MJR 4, and Fed. R. Civ. P. 72(b), for preparation of a Report and Recommendation.  Dkt. 27.

B.     Legal Standard

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel.  The EAJA provides for prevailing-party attorney's fees when the government's position is not "substantially justified":

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort),

> including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990).

"The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The government's position must be justified to a degree that would satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 563-66 (1988); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990). A position is substantially justified if it has a reasonable basis in law and fact. *Pierce*, 487 U.S. at 565; *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010). Accordingly, the Commissioner must establish that she was substantially justified both in terms of (1) "the underlying conduct of the ALJ" and (2) the "litigation position defending the ALJ's error." *Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001); *see also Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013) ("[W]e first consider the underlying agency action, which . . . is the decision of the ALJ. We then consider the government's litigation position."). Thus, the Ninth Circuit has stated that "if 'the government's underlying position was not substantially justified, we [must award fees and] need not address whether the government's litigation position was justified.'" *Tobeler v. Colvin,* 749 F.3d 830, 832 (9th Cir. 2014) (citing *Meier,* 727 F.3d at 870).

REPORT AND RECOMMENDATION - 3

The Ninth Circuit recently reiterated that "it 'will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial, and probative evidence in the record.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting *Thangaraja v. Gonzales*, 429 F.3d 870 (9th Cir. 2005)).[1] The government bears the burden of demonstrating substantial justification. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

C. The Commissioner's Position was Not Substantially Justified

The Commissioner argues that the issue is whether its position defending the ALJ's analysis of the medical opinions "was reasonably based in law and fact." Dkt. 26 at 5 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner contends that it was reasonable for the ALJ to reject the medical opinions of Dr. Kaspar and Dr. Robinson because neither doctor found any severe mental impairments. *Id.* Thus, the Commissioner contends that because these "opinions conflict[ed] with other opinions of record," the ALJ's decision "only to provide specific and legitimate reasons for discounting those other opinions" is supported by law or fact. *Id.* at 5-6. (citing *Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006)). Finally, the Commissioner argues that the facts upon which the ALJ based her decision—(1) "objective medical evidence showing normal cognitive performance"; (2) "symptom improvement with treatment"; (3) "improved functioning when sober"; and (4) "daily activities inconsistent with disability"—were not refuted. *Id.* at 6. Therefore, the Commissioner asserts that "even if the ALJ's ultimate conclusions were overruled, the ALJ was substantially justified in relying" upon those facts that were not proved false. *Id.*

---

[1] The Ninth Circuit in *Campbell*, however, concluded that "the instant case is one of the 'unusual' cases where attorneys' fees should not be awarded under the EAJA." *Id*. at 869.

REPORT AND RECOMMENDATION - 4

1    The Commissioner's contention that she was substantially justified in defending the
ALJ's consideration of the medical evidence is unpersuasive.  As the undersigned explained in
the initial Report & Recommendation, the "ALJ's treatment of the medical opinion evidence in
this case is inconsistent with the legal standards set forth in *Orn*."  Dkt. 19 at 10 (citing *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007)).  The ALJ assigned "little weight" or "little probative value" to "*all* of the medical opinion evidence in the record regarding plaintiff's mental impairments," as well as to the opinions of the treating mental health counselor, a treating chemical dependency counselor, a chemical dependency evaluator, and a social worker.  *Id.* (citing Administrative Record ("AR") at 32-34).  The only opinion to which the ALJ gave some weight ("some probative value") was to a second social worker's "description of plaintiff's daily activities."  *Id.* (citing AR at 34).  Further, in rejecting all the medical and other opinion evidence, the ALJ did not "set forth h[er] own interpretations and explain why they, rather than the doctors', [we]re correct."  Dkt. 19 at 9 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988)).

Thus, the Commissioner's contention that the ALJ had specific and legitimate reasons for rejecting the opinions of Dr. Kaspar and Dr. Robinson, and "because these physicians' opinions conflict with other opinions of record, the ALJ needed only to provide specific and legitimate reasons for discounting those other opinions," fails to the acknowledge the fact that the ALJ did not actually provide specific and legitimate reasons for discounting the other physicians' opinions.  Dkt. 26 at 5-6 (citation omitted).  The ALJ's erroneous "rejection of *all* of the medical and other opinion evidence in the record" without specific and legitimate reasons impacted the ALJ's RFC determination, and findings at the subsequent steps of the sequential evaluation process.  Dkt. 19 at 10-11.

REPORT AND RECOMMENDATION - 5

The Commissioner chose to defend the ALJ's opinion, despite the ALJ's erroneous evaluation of the medical and other opinion evidence. The Commissioner's choice to subsequently defend this error was not substantially justified, as the Commissioner's litigation position in this case did not have a reasonable basis in law and fact. This is not one of the "decidedly unusual case[s] in which there is substantial justification under the EAJA even though the agency's decision as reversed as lacking in reasonable, substantial, and probative evidence in the record." *Campbell*, 736 F.3d at 868. Plaintiff's counsel is therefore entitled to a fully compensatory fee.

### III.   CONCLUSION

Accordingly, the Court recommends that plaintiff's motion, Dkt. 25, be GRANTED. As explained above, the Commissioner is directed to pay EAJA fees and expenses in the total amount of $7,809.00. Dkt. 25 at 1; *id*., Ex. 1 at 3-4. Payment of the award, after offset of qualifying federal debt under the Treasury Offset Program as described in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), shall be made payable to Tha Win, and shall be mailed to plaintiff's attorney, Tha Win, at 600 First Avenue, Suite 237, Seattle, Washington, 98104.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 11, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 18, 2015.**

REPORT AND RECOMMENDATION - 6

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 28th day of August, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge